UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ASHLEY L. DONOHUE

CIVIL ACTION

VERSUS

NO. 18-1017-SDD-EWD

PINNACLE ENTERTAINMENT, INC.,
D/B/A L'AUBERGE CASINO & HOTEL
BATON ROUGE

**NOTICE AND ORDER**

On September 28, 2018, plaintiff, Ashley L. Donohue ("Plaintiff"), filed a Petition for

Damages (the "Petition") in state court for damages allegedly arising out of injuries Plaintiff

sustained in a July 31, 2018 slip and fall accident.[1]  Plaintiff named Pinnacle Entertainment, Inc.

("Pinnacle") as a defendant and thereafter sought to add PNK (Baton Rouge) Partnership ("PNK")

as a defendant.[2]  On November 16, 2018, Pinnacle and PNK filed a Notice of Removal pursuant

to 28 U.S.C. § 1332 based on the assertions that the amount in controversy exceeds $75,000,

exclusive of interest and costs, and that the parties are completely diverse.[3]

With respect to Plaintiff's citizenship, Pinnacle and PNK allege that "[t]he petition sets

forth that the plaintiff, is a citizen of Louisiana."[4]  However, per her Petition, Plaintiff only alleges

---

[1] R. Doc. 1-2, p. 3.

[2] On or about November 6, 2018, Plaintiff filed a Supplemental and Amending Petition in state court naming PNK
(Baton Rouge) Partnership as a defendant.  R. Doc. 1-3.  Although a proposed order allowing the amendment is
included in the attachments to the Notice of Removal, that order is not signed by the state court judge.

[3] R. Doc. 1.

[4] R. Doc. 1, ¶ 3.

that she is a "resident" of East Baton Rouge.[5]  For purposes of diversity jurisdiction, an individual's domicile must be alleged.[6]

In addition to the insufficient allegation regarding Plaintiff's citizenship, the court *sua sponte* raises the issue of whether the amount in controversy requirement has been met.  In the Petition, Plaintiff alleges that the accident caused "much pain, suffering, anguish, loss of sleep, bruises, headaches, lumbar and cervical pain, lost wages and other injuries" and that she "incurred and will continue to incur health care costs in treatment of her injuries."[7]  In the Notice of Removal, Pinnacle and PNK assert that:

> On November 7, 2018, the counsel for the plaintiff served upon counsel for the defendants, responses to interrogatories and request for production of documents, wherein the plaintiff alleged that as a result of the incident alleged in the petitions set forth above, she sustained a focal disc herniation at C5-6, straightening of the cervical lordosis, straightening of the lumbar lordosis, L4-5 disc bulge, L5-S1 facet hypertrophy, lumbar radiculopathy, effusion in the left shoulder, difficulty sleeping, fatigue and reduced range of motion and strength. While the plaintiff denied undergoing any surgery, she does claim she has been referred for an epidural steroid injection.[8]

Pinnacle and PNK further assert that Plaintiff "claims in her responses to discovery that her ability to work has been diminished, although she has not set forth a specific lost wage amount"[9] and that Plaintiff's itemizes medical expenses thus far incurred total $15,197.00.[10]

---

[5] R. Doc. 1-2, p. 3.  Plaintiff's Supplemental and Amending Petition also alleges that Plaintiff is a resident of the parish of East Baton Rouge.  R. Doc. 1-3.

[6] *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile, mere residence in the State is not sufficient.").  The citizenship of Pinnacle and PNK is adequately alleged in the Notice of Removal.  R. Doc. 1, ¶¶ 4-13.

[7] R. Doc. 1-2, ¶ 5.

[8] R. Doc. 1, ¶ 15.

[9] R. Doc. 1, ¶ 15 (sic).

[10] R. Doc. 1, ¶ 16.

Based on Plaintiff's own discovery responses, Plaintiff has not been recommended for surgery.  Although Plaintiff's medical expenses thus far total $15,197.00, there is no indication regarding the extent or cost of anticipated future treatment.  There is no information regarding Plaintiff's lost wage claim.  There are no pre-removal settlement demands.  Based on the information asserted in the Petition and Notice of Removal, the court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

Accordingly,

**IT IS HEREBY ORDERED** that Pinnacle Entertainment, Inc. and PNK (Baton Rouge) Partnership shall file, within seven (7) days of this Notice and Order, a Motion to Substitute the Notice of Removal with a comprehensive Notice of Removal that adequately alleges Plaintiff's citizenship.  No further leave of court is required to file the Motion to Substitute.

**IT IS FURTHER ORDERED** that Pinnacle Entertainment, Inc. and PNK (Baton Rouge) Partnership shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met, within ten (10) days of this Notice and Order.

**IT IS FURTHER ORDERED** that Plaintiff shall file either: (1) a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met; or (2) a Motion to Remand within ten (10) days after the filing of the Pinnacle Entertainment, Inc. and PNK (Baton Rouge) Partnership's memorandum regarding the amount in controversy.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on November 30, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**